**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv174**

| | |
|---|---|
| CAROLINA FIRST BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLES STAMBAUGH; and ) | |
| CAMILLA STAMBAUGH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are Defendants' Motions to Compel [#16 & #19]. Plaintiff brought this case to collect over $300,000.00 it contends Defendants owe on a loan. Defendants borrowed these funds to finance a real estate development project in North Carolina. Defendants assert laches as an affirmative defense, as well as a Counterclaim for breach of contract. Defendants now move to compel Plaintiff to respond to three interrogatories.[1] The Court **DENIES** the motions [#16 & #19].

**I.    Analysis**

Generally speaking, parties are entitled to discovery regarding any non-

---

[1] The Court notes that Defendants failed to comply with the Court's Local Rules, which require a party to either file a reply brief <u>or</u> notify "the Court and opposing counsel promptly in an electronically filed notice" that the party does not intend to file a reply brief. LCvR 7.1(E). Defendants neither filed a reply brief as to either motion nor filed an electronic notice of their intention not to file a reply. Going forward, the Court may strike any motion that does not comply with the Court's Local Rules or the Federal Rules of Civil Procedure.

-1-

privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010).

Defendants submitted the following interrogatories to Plaintiff:

Interrogatory No. 10
During the time in question, January 1, 2007 to the present, how many commercial loans secured by mortgages have been executed by the Plaintiff, and of those, how many subsequently went into default.

Interrogatory No. 11
For each loan in default in No. 10 above, list each legal step, no matter how often repeated, and respective effective date, Plaintiff attempted in pursuing ultimate resolution. For example:

Loan #1:    default                xx/xx/xxxx
            foreclosure            xx/xx/xxxx

| foreclosure sale date | xx/xx/xxxx |
| Sale cancelled | xx/xx/xxxx |
| Foreclosure sale date | xx/xx/xxxx |
| Sale canceled | xx/xx/xxxx |
| Foreclosure dismissed | xx/xx/xxxx |
| Filed suit on the note | xx/xx/xxxx |
| Resolution (define) | xx/xx/xxxx |

Interrogatory No. 12

During the time in question, January 1, 2007 to the present, how many commercial loans secured by mortgages were in force when Plaintiff granted a principal reserve allowing repayment of principal directly from bank loan funds during the term of the note?

In response to each of these interrogatories, Plaintiff objected on the grounds that the interrogatories were not relevant and not reasonably caclucated to lead to admissible evidence and are unduly burdensome.

Neither of the three interrogatories at issue are relevant to Plaintiff's claim or Defendants' defense of laches or counterclaim for breach of contract. The undersigned is of the opinion the information requested is not reasonably calculated to lead to the discovery of admissible evidence. The pertinent issue in this dispute is whether a valid and enforceable contract exists between the parties and whether Plaintiff breached the contract. Information related to other loans issued by Plaintiff has no bearing on the claims and defenses of either party in this dispute. Put simply, there are no allegations in this case that place at issue Plaintiff's conduct related to other loans. Finally, Defendants' cursory argument that such information is relevant

because it seeks to verify or explain a potential ambiguity or define a material term of the contract between the parties is insufficient to warrant requiring Plaintiff to respond to these interrogatories. Based on the allegations in the Complaint and Counterclaim, the information sought in Interrogatories 10-12 is not "relevant to any party's claim or defense." See Fed. R. Civ. P. 26(b)(1). Accordingly, the Court **DENIES** Defendants' Motions to Compel.

## II.   Fees

Rule 37(a)(5)(B) provides as follows:

> **If the Motion Is Denied**. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motions was substantially justified or other circumstances make an award of expenses unjust.

In accordance with the Rule, the court will direct Defendants to show cause in writing, within seven (7) days of the entry of this Order, why the Court should not award Plaintiff their costs, including Plaintiff's attorney fees, pursuant to Rule 37(a)(5)(A). The written response shall be no greater than ten (10) pages in length. The Plaintiff shall then be allowed to respond no later than seven (7) days after the filing of Defendant's writing. The Plaintiff's response shall be no greater than ten (10) pages. Plaintiff should also submit affidavits setting forth the number of hours

counsel reasonably expended filing the response to the Motions to Compel, the hourly rate charged and the prevailing market rate in the relevant community. See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243-244 (4th Cir. 2009). Defendants shall then have seven (7) days after that response to file specific objections to the expenses requested by Plaintiff. The affidavit concerning time is not subject to the page limitation. If fees are allowed the Court will then calculate the award of attorney fees by multiplying the number of reasonable hours expended by counsel times the reasonable hourly rate. Robinson, 560 F.2d at 243. In determining what constitutes a reasonable number of hours and rate, the Court shall consider:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. At 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 266 n.28 (4th Cir. 1978)).

The parties may certainly see if they can agree in regard to the resolution of the issue of fees and expenses.

**III. Conclusion**

1. The Court **DENIES** Defendants' Motions to Compel [#16 & #19];

2. The undersigned further enters a Protective Order as set forth under Rule 26(c) of the Federal Rules of Civil Procedure ordering that the Plaintiff not be required to respond to interrogatories #10, #11 and #12 as set forth herein;

3. Defendants are ordered to show cause in writing as set forth above as to why the Court should not order Defendants to pay Plaintiff's reasonable costs, including attorney fees, as a result of Defendants' Motions to Compel.

Signed: July 12, 2011

Dennis L. Howell
United States Magistrate Judge