# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:10cv174

| | |
|---|---|
| **CAROLINA FIRST BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CHARLES STAMBAUGH; and** ) | |
| **CAMILLA STAMBAUGH,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Pending before the Court is Defendants' Motion for Sanctions [# 33]. Defendants move the Court to order Plaintiff's counsel to compensate Defendants for their reasonable expenses and attorneys' fees resulting from Plaintiff's failure to attend and proceed with a deposition. The Court **DENIES** the motion [# 33].

**I.      Analysis**

Rule 30(g) of the Federal Rules of Civil Procedure provides that:

A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.

Fed. R. Civ. P. 30(g).

The express language of Rule 30(g), however, only provides for an award of expenses where the party noticing the deposition does not attend the deposition and another party does in fact attend. Fed. R. Civ. P. 30(g); see also Johnson v. Hendrick Auto. Grp., No. 3:10cv109, 2011 WL 1696987 (W.D.N.C. May 3, 2011) (Whitney, J.); O'Hara v. Bd. of Educ. of the Brooklyn City Sch. Dist., 72 F. App'x 311, 315 (6th Cir. 2003). Here, there is no evidence that Defendants attended the deposition, which counsel for Plaintiff canceled the morning of the deposition due to a personal matter involving counsel's child. (Martin Aff. ¶¶ 3-5, Aug. 8, 2011.) Counsel notified opposing counsel, the witness, and Defendant Charles Stambaugh that he was canceling the deposition. (Id. ¶¶ 5-6.) Although Defendant Stambaugh contends that he drove from Florida to Asheville to participate in the deposition of a non-party, he received notice that the deposition was canceled several hours before it was scheduled to start. (Defs.' Mot. for Sanctions at ¶ 5.) Because Defendant Stambaugh did not attend the canceled deposition, Rule 30(g) is inapplicable to his situation and an award of fees is unwarranted.[1] Johnson, 2011 WL 1696987 (Rule 30(g) not applicable even though defendant's counsel traveled from Raleigh to Charlotte and spent the day

---

[1] Defendants' motion also fails to comply with Local Rule 7.1, which requires that a separate brief must accompany a motion. LCvR 7.1(C). Defendants did not file a brief contemporaneously with its motion.

prepping the witness because counsel did not attend the deposition, which opposing counsel canceled on short notice). Moreover, even if Rule 30(g) was applicable, the Court would not exercise its discretion and award expenses in this case because counsel for Plaintiff offered a valid reason for canceling the deposition on short notice.

II.     **Conclusion**

The Court **DENIES** Defendants' Motion for Sanctions [# 33].

Signed: September 6, 2011

Dennis L. Howell
United States Magistrate Judge